IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

OLUWASHINA KAZEEM
AHMED-AL-KHALIFA,

    Plaintiff,
v.                                              CASE NO. 5:13-cv-172-RS-GRJ

MINISTER OF INTERIOR,
FEDERAL REPUBLIC OF NIGERIA,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

This case is before the Court on Plaintiff's *pro se* Complaint. (Doc. 1.) Plaintiff has also filed a motion for leave to proceed as a pauper, a motion for appointment of counsel, and a motion to receive notices via email. (Docs. 2, 3, 5.) For the following reasons, the undersigned recommends that the case should be dismissed for lack of subject matter jurisdiction.

Plaintiff brings claims against one defendant in this case: the Minister of the Interior for the Federal Republic of Nigeria. (Doc. 1.) Plaintiff, a resident of Nigeria, asserts that he attempted to renounce his Nigerian citizenship and requested to be extradited to the United States, but the Minister of the Interior did not respond to his request. Plaintiff asserts that this inaction violated his right to a fair hearing and various human rights treaties. As relief, Plaintiff requests that the Court direct the Minister of the Interior to respond to his application to renounce his citizenship, as well as $900,000,000 in "befitting monetary compensation." *Id.* at 11.

It is well established that federal courts are obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking.  *See Cadet v. Bulger*, 377 F.3d 1173, 1179 (11th Cir. 2004).  Pursuant to 28 U.S.C. § 1332(a)(1), the Court has jurisdiction over cases where there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000.  Further, the Court has subject matter jurisdiction over cases involving a federal question.  28 U.S.C. § 1331.  Here, Plaintiff seeks to bring claims under the Alien Tort Statute ("ATS"), 28 U.S.C. § 1350.

The ATS provides that the "district courts shall have original jurisdiction of any civil action by an alien for a tort only, committed in violation of the law of nations or a treaty of the United States."  28 U.S.C. § 1350.  The ATS is jurisdictional in nature and "provides a cause of action 'for a modest number of international law violations with a potential for personal liability at the time [of its enactment].'" *Aldana v. Del Monte Fresh Produce, Inc.*, 416 F.3d 1242, 1246 (11th Cir. 2005) (quoting *Sosa v. Alvarez-Machain*, 542 U.S. 692, 723-24 (2004)); *see also Estate of Amergi ex rel. Amergi v. Palestinian Authority*, 611 F.3d 1350, 1362 (11th Cir. 2010) (noting that the ATS provides subject-matter jurisdiction).

The Supreme Court addressed the extraterritorial reach of the ATS in *Kiobel v. Royal Dutch Petroleum Co.*, 133 S. Ct. 1659 (2013).  The *Kiobel* plaintiffs were Nigerian nationals residing in the United States who sued, under the ATS, various Dutch, British, and Nigerian corporations premised on the theory that these corporations "aided and abetted the Nigerian Government in committing violations of the law of nations in Nigeria."  *Id.* at 1662.  "On these facts," the Court found, "all the relevant conduct took place outside the United States."  *Id.*  The Court held that the "presumption against

extraterritoriality applies to claims under the ATS" and because nothing in the ATS rebuts that presumption, "petitioners' case seeking relief for violations of the law of nations occurring outside the United States is barred." *Id.* at 1669.  The Court also stated that "even where the claims touch and concern the territory of the United States, they must do so with sufficient force to displace the presumption against territorial application." *Id.*

Here, Plaintiff complains of events that took place in Nigeria.  In light of *Kiobel*, the ATS cannot confer subject-matter jurisdiction onto Plaintiff's claims because the violations at issue occurred outside the United States, and the alleged violations do not "touch" or "concern" the United States in such a way that would overcome the ATS's presumption against extraterritoriality.

Plaintiff has filed five other suits alleging similar claims in the Northern District of Florida.  In *Ahmed-al-Khalifa v. Queen Elizabeth II, et al.*, Case No. 5:13-cv-103-RS-CJK (N.D. Fla. Apr. 19, 2013), Magistrate Judge Kahn noted that Plaintiff has also filed similar suits in many other district courts in the United States.  *See Ahmed-Al-Khalifa v. Ecowas Court of Justice*, Case No. 1:13cv01380 (N.D. Ill. 2013) (dismissing plaintiff's complaint against the Ecowas Court of Justice as lacking subject matter jurisdiction under the ATS and failing to state a claim under the Torture Victim's Protection Act ("TVPA")); *Oluwashina Kazeem Ahmed-Al-Khalifa v. Abba Moro*, Case No. 1:13cv01381 (N.D. Ill. 2013) (dismissing plaintiff's complaint under the ATS as frivolous and failure to show a violation of an international norm required under the ATS); *Oluwashina Kazeem Ahmed-Al-Khalifa v. European Court of Human Rights*, Case No. 1:13cv142/RWS (N.D. Ga. 2013) (dismissing plaintiff's complaint as meritless); *Ahmed-*

*Al-Khalifa v. Jordan, et al.*, Case No. 3:13cv276/CSH (D. Conn. 2013) (R&R issued recommending dismissal of claims brought under 28 U.S.C. § 1350); *Oluwashina Kazeem Ahmed-Al-Khalifa v. Minister of Justice, Equality and Law Reform*, Case No. 3:13cv272/CSH (D. Conn. 2013) (R&R issued recommending dismissal of claims as lacking jurisdiction under 28 U.S.C. § 1350); *Oluwashina Kazeem Ahmed-Al-Khalifa v. Kingdom of Spain*, Case No. 3:13cv271/CSH (D. Conn. 2013) (R&R issued recommending dismissal of claims as lacking jurisdiction under 28 U.S.C. § 1350); *Oluwashina Kazeem Ahmed-Al-Khalifa v. King Sunnyade*, Case No. 1:12cv10288 (N.D. Ill. 2012) (dismissing plaintiff's complaint as lacking subject-matter jurisdiction and failure to implicate a violation of the law of nations or any U.S. treaty).  As Judge Kahn observed, Plaintiff "seems to be seeking a forum that will allow these frivolous and meritless complaints to go forward," but "[s]uccess in that regard appears unlikely." (Case No. 5:13-cv-103-RS-CJK, Doc. 5, at 6.)

In light of the foregoing, it is respectfully **RECOMMENDED** that

1. The Complaint, Doc. 1, should be **DISMISSED with prejudice** for lack of subject matter jurisdiction.

2. Plaintiff's motion to proceed as a pauper, Doc. 2, should be **DENIED**.

3. Plaintiff's motion for appointment of counsel, Doc. 3, should be **DENIED**.

4. Plaintiff's motion to receive updates by email, Doc. 5, should be **GRANTED**.

**IN CHAMBERS** this 2nd day of July 2013.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.